CHECKER CAB & BAGGAGE CO., INC. *v.* HARRISON.

4-3946

Opinion delivered November 4, 1935.

*Barber & Henry*, for appellant.

*W. R. Donham*, for appellee.

JOHNSON, C. J. In the early morning of December 25, 1934, appellant, Checker Cab & Baggage Company, was engaged by appellee, Perry Harrison, to convey himself, his mother and his little nephew to his home situated on the south side of Twelfth Street pike in west Little Rock. Appellant's cab, after being engaged as aforesaid at the Missouri Pacific station in Little Rock, conveyed the party to appellee's home situated in the 6200 block. The taxicab driver, instead of approaching the address or curb so as to permit the passengers to disembark from the right side of the cab upon the curb, approached same and parked the cab so that it was necessary for appellee and his co-passengers to disembark from the cab upon the main traveled portion of the highway. The cab was parked at an angle to the curb. The appellee while engaged in disembarking from the cab and while endeavoring to make the necessary change to compensate appellant for the service rendered was run against or struck by a moving automobile being driven by Johnny Lord which last-mentioned car was being driven in the opposite direction to that last pursued by appellant's cab. Appellee was very severely and permanently injured as a consequence of the collision and instituted this action against the cab company and Johnny Lord in the Pulaski Circuit Court to compensate his injuries.

Appellee's complaint alleged that he was injured by the joint and concurring negligence of appellant and Johnny Lord in this: that the Checker Cab & Baggage Company was negligent in parking its cab on the south side of the street facing west, leaving its lights burning thereby interfering with east-bound traffic upon said street, and was also negligent in discharging appellee and his co-passengers from said cab upon the main traveled portion of the highway or in the path of the east-bound traffic; that Johnny Lord was negligent in driving his car at an excessive rate of speed without due regard for other traffic upon the way. Separate answers were filed by appellant and Johnny Lord, in which all material allegations of the complaint were specifically denied.

The testimony adduced by appellee upon trial to a jury, when viewed in a light most favorable to him, as we are required to do, was to this effect: Appellee resided at 6223 West Twelfth Street in the city of Little Rock; about 2:30 a. m., December 25, 1934, appellee, his mother and his nephew arrived at the Missouri Pacific station in Little Rock and engaged a cab from appellant Checker Cab & Baggage Company to convey the party to appellee's home; that the cab driver, upon reaching appellee's address, parked the cab on the south side of the street or way headed west and left the lights burning; that the cab driver got out of the cab on the right side, and came back and opened the rear cab door on the right side and invited the appellee and the other passengers out upon the main traveled portion of the highway; that the left-hand door of the cab or the door adjacent to the curb was securely fastened and could not be opened by the passengers, although they endeavored to do so; that, when appellee disembarked from the cab, the driver gave him a check for the fare, and while endeavoring to make change and pay the fare he was struck by a fast-moving automobile being driven by Johnny Lord; that the cab was parked at an angle to the curb and the right front door was left open by the driver while the passengers were being discharged. The road or street at the point where the accident occurred is of asphalt and is 17 feet, 9 inches in width. The cab parked as aforesaid occupied

approximately 10 feet of the open highway from the south line or approximately one-half of the open highway. The highway or street at this point from the south line to the north line is approximately 25 or 26 feet in width but approximately four feet of the open highway on the north side is not used by the traveling public.

The testimony on behalf of the appellant in reference to the physical conditions surrounding the accident and the manner in which it occurred was in sharp conflict with that offered by appellee, but it is not deemed necessary to here set it out because the jury's findings are adverse thereto. The testimony further established that the appellee was very seriously and permanently injured, but, since no complaint is urged in reference to the jury's award being excessive, we shall omit a detailed statement thereof. The trial court, at the request of appellee and over the objection of appellant, gave to the jury in charge requested instruction number 2 as follows: "You are instructed that, if you find from a preponderance of the evidence that the plaintiff was a passenger on one of the passenger cabs of the defendant Checker Cab & Baggage Company on the night of the 24th of December, 1934, and if you further find from a preponderance of the evidence that, upon reaching his destination, the driver of said cab discharged him in the street in a place where, under all the circumstances shown in evidence, the driver in the exercise of ordinary care should have reasonably foreseen that injury might result to plaintiff by his being struck by a passing automobile, and if you further find from a preponderance of the evidence that in so discharging plaintiff, the driver of said cab acted as a reasonable prudent man would not have acted under the circumstances, and on that account as a proximate cause thereof plaintiff was injured while in the exercise of ordinary care for his own safety, then your verdict will be for the plaintiff against the Checker Cab & Baggage Company," and refused to instruct the jury at appellant's request as follows:

No. 1.

"You are instructed to return a verdict for the defendant, Checker Cab & Baggage Company, Inc."

No. 11.

"You are instructed that the defendant, Checker Cab & Baggage Company, Inc., was a common carrier of passengers for hire, and if you find from the evidence in this case that the defendant, Checker Cab & Baggage Company, Inc., transported the plaintiff with safety to the gate in front of his home and discharged him upon the highway in safety, its duty to him was performed, and thenceforth the plaintiff, Harrison, was a mere traveler upon the highway subject to all the duties and obligations imposed upon him as such traveler, and if you find from the evidence that after the defendant, Checker Cab & Baggage Company, Inc., had discharged safely the plaintiff, Harrison, he was struck by an automobile driven by the defendant, Johnny Lord, or the negligence of the plaintiff, Harrison, concurring with the negligence of the defendant, Johnny Lord, or solely on account of the negligence of the plaintiff, Harrison, himself, then you will return a verdict for the defendant, Checker Cab & Baggage Company, Inc."

The jury returned a verdict in favor of appellee and against appellant, Checker Cab & Baggage Company and Johnny Lord for the sum of $7,500, and from a judgment entered thereon, this appeal comes.

Appellant Johnny Lord has filed no abstract and brief in this court, therefore under rule 9 the judgment against him must be affirmed. *Ozark Hardware Company* v. *Covington,* 187 Ark. 1054, 63 S. W. (2d) 844.

Appellant Checker Cab & Baggage Company contends that trial court erred in refusing to direct a verdict in its favor as requested by it. This contention is grounded upon the argument that there is no testimony tending to show that its negligence, if any, in parking the cab on the wrong side of the street and in discharging appellee upon the main traveled portion of the public highway were the proximate and efficient causes of the collision of the cab and the automobile and appellee's consequent injury.

Under the facts and circumstances heretofore detailed we think this was a question of fact for the jury's consideration and judgment. In the recent case of *Healey & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. (2d) 242, the question of proximate cause was painstakingly considered and discussed, and, under facts and circumstances in many particulars similar to those presented here, we stated the applicable rule as follows: "Appellants then contend that the stopping of the ambulance was not the proximate cause of the accident complained of. It was certainly not the sole cause. The undisputed proof shows that Blake was driving on the wet, slippery road at about thirty miles an hour, and he was unquestionably guilty of negligence, as the jury found; but the accident could not have happened if the ambulance had not been parked so as to obstruct the traffic. * * * As we have already said, whether this conduct on the part of the driver of the ambulance was negligence was a question for the jury."

It is the rule of general application, and finds support in our own cases, that to render a person liable for a negligent act, it need not be the sole cause thereof. It is sufficient if it concurs with one or more efficient causes. Where several efficient causes combine to produce injuries, a person is not relieved from liability because he was responsible for only one of them. *Coca-Cola Bottling. Co.* v. *McAnulty,* 185 Ark. 970, 50 S. W. (2d) 577; 45 C. J. 920.

A number of cases from other jurisdictions are urged upon us as decisive of the issues here argued, notably the case of *Cole* v. *German Savings & Loan Society,* 124 Fed. 113, but we find it unnecessary to review these cases at length. Our own opinions, heretofore cited, decide the issue, in effect, and we feel impelled to adhere to their doctrine.

It is also urged that the parking of the cab on the south side of the street in the manner in which it was parked was not negligence because there was a space of more than 15 feet of the main traveled portion of the highway left unobstructed. See § 24 of act 223 of 1927. The testimony is in sharp conflict on this question of

fact. That on behalf of appellee tended to show that the parked cab obstructed one-half of the open highway which according to the testimony was in no event more than 25 or 26 feet in width. If the cab occupied one-half of this open space, then § 24 of act 223 of 1927 was violated. On the other hand, if the main traveled portion of the highway is restricted to that portion which has asphalt surface, then the uncontradicted testimony shows that appellant's cab was parked in violation of said section. At any rate this was an issue of fact and was properly submitted to the jury for its consideration. The court therefore did not err in refusing to direct a verdict as requested by appellant.

Appellant's next contention is that the trial court erred in giving to the jury in charge appellee's requested instruction number 2 and in refusing to give appellant's request number 11, both of which are heretofore quoted. It will be noted that appellant's request number 11 absolved it from all liability when the passengers were discharged from the cab, irrespective of the place of discharge or the conditions surrounding it. We do not understand this to be the law. In *Arkansas Power & Light Co.* v. *Hughes,* 189 Ark. 1015, 76 S. W. (2d) 53, we stated the applicable rule as follows: "The law imposes the highest degree of skill and care on common carriers, consistent with the practical operation of their cars, to furnish their passengers a safe place to get on and get off." See also *Western Casualty & Surety Co.* v. *Independent Ice Co.,* 190 Ark. 684, 80 S. W. (2d) 626.

Appellant's requested instruction number 11 ignores this principle of law and was erroneous, and appellee's requested instruction number 2, conforming thereto, was a correct declaration and properly given, therefore no error is made to appear from this assignment.

No error appearing, the judgment is affirmed.