LYDON, *et al. v.* DEAN.

5-142                                                    260 S. W. 2d 465

Opinion delivered June 29, 1953.

Rehearing denied October 5, 1953.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Hebert & Dobbs* and *Moore, Burrow, Chowning & Mitchell,* for appellee.

WARD, Justice. The principal issues involved on this appeal regard instructions given and refused by the court. Specifically we are concerned with the difference in the effect of an instruction containing the clause "a proximate cause" and one containing the clause "the proximate cause."

FACTS. It will be necessary to set out only sufficient facts to clarify the issues here involved. About 7:00 P.M., Sunday, June 17, 1951, one John F. Lydon, was driving an automobile in a westerly direction along highway 70, going from Benton to Hot Springs. In the car with him were the appellants, Aline Lydon, Margaret Lydon, and Francis Patrick Lydon, who was the driver's minor son. John Timothy Lydon, a minor son of the driver, was also in the car, but apparently he was not injured as no judgment was asked for in his favor. When Lydon's car approached an intersection with highway 70 he attempted a left turn and while doing so his car was struck by a car being driven easterly on highway 70 by appellee, Robert S. Dean. As a result of the collision, it is alleged that appellants were injured. By stipulation of the parties, but withheld from the jury, it appears that previously appellee had sued John F. Lydon for damages as a result of this collision and that a settlement was effected whereby Lydon paid appellee a stipulated amount.

PLEADINGS. The complaint filed by appellants set forth the following specific acts of negligence on the part of appellee:

(a) He drove the vehicle operated by him at a high and excessive rate of speed under the circumstances, in violation of the laws of the State of Arkansas;

(b) He failed to keep a proper lookout for other traffic lawfully using this said highway;

(c) He failed to keep the vehicle operated by him under proper control;

(d) He failed to turn or swerve the vehicle operated by him in order to avoid a collision with the vehicle occupied by the plaintiffs (appellants); and

(e) He failed to exercise ordinary care, etc.

It was further alleged that as "*a* direct and proximate result of the negligence and carelessness of the defendant, Robert S. Dean . . ." the appellants were injured. (Emphasis supplied.)

For answer, appellee denied all material allegations of the complaint and charged that John F. Lydon failed to keep a proper lookout and was otherwise negligent in the operation of his car, and that his negligence was the *sole and proximate* cause of the collision. (Emphasis supplied.) Appellee also alleged that appellants and John F. Lydon were engaged in a joint enterprise at the time of the collision and that the plaintiffs were therefore chargeable with the negligence of said John F. Lydon.

Upon trial before a jury the verdict was in favor of appellee, hence this appeal.

JOINT ENTERPRISE. After all the testimony had been introduced the court instructed the jury that there was no evidence in the case which would justify a finding that the plaintiffs and John F. Lydon were engaged in a joint enterprise at the time of the collision, and that consequently any negligence shown on the part of John F. Lydon could not be imputed to any of the plaintiffs and would not constitute a defense. This instruction was objected to at the time by appellee and it is insisted that the court should have left the question of a joint enterprise to the jury. However, after a review of the testimony on this point, we have concluded that the trial judge was correct.

INSTRUCTIONS. The principal contention of appellants is that the court by giving, refusing, and modify-

ing certain instructions deprived them of a trial upon their theory of the case. Their theory was: That plaintiff could recover even though appellee and John F. Lydon were both negligent; that this would be true even though the negligence of both parties was a concurring proximate cause of the collision; and that it was not incumbent upon appellants to show that appellee's negligence was the sole and only cause of the collision. It is not seriously contended by appellee that the above statement of law is not correct where, of course, the driver of the car and the occupants were not on a joint enterprise, as we hold here. It has been so held by this court in the case of *Willbanks* v. *Laster*, 211 Ark. 88, 199 S. W. 2d 602. In that case it was said:

". . . the jury might have found, and evidently did find, that although Laster (the husband) was negligent, this negligence was not the sole proximate cause of the collision; in other words, that the collision was the result of the concurring negligence of the drivers of the two cars. The recent case of *Oviatt* v. *Garretson*, 205 Ark. 792, 171 S. W. 2d 287, cites a number of cases which state the law to be that where two or more persons were negligent and their negligence concurred to injure a third person, both parties are liable."

In the case of *Checker Cab & Baggage Co., Inc.* v. *Harrison*, 191 Ark. 564, 87 S. W. 2d 32, we said:

"It is the rule of general application, and finds support in our cases, that to render a person liable for a negligent act, it need not be the sole cause thereof. It is sufficient if it concurs with one or more efficient causes. Where several efficient causes combined to produce injuries, a person is not relieved from liability because he was responsible for only one of them."

We set out below the grounds upon which appellants rely to show that their theory of the case was not fairly presented to the jury.

(a) Appellants requested instruction No. 6 which reads as follows:

"If you find from a preponderance of the evidence that Robert S. Dean was negligent in any degree as alleged in the complaint, and that such negligence, if any, was *a* proximate cause of the collision and resulting injuries, if any, then you will return your verdict in favor of Francis Patrick Lydon, Margaret Lydon, and Aline Lydon, regardless of whether or not John F. Lydon was also negligent. Provided that you do not find from a preponderance of the evidence that Aline Lydon was herself negligent; for negligence, if any, on her part would constitute a defense to her cause of action." (Emphasis supplied).

At the insistence of appellee the trial court modified the above instruction by changing the italicized letter "a" to "the". Appellant objected specifically to the modification.

Appellants take the position that the above change amounted to telling the jury that it could not find for appellants unless it also found that appellee's negligence was the sole and only proximate cause.

At first blush it might appear that no such significance as claimed by appellants attaches to so slight a change in wording. Yet we are convinced that this change, together with other matters hereafter mentioned, resulted in depriving appellants from having their cause of action fairly submitted to the jury. Support for this conclusion is found in the case of *Sedorchuk* v. *Weeder,* 311 Mich. 6, 18 N. W. 2d 397. In this case where a similar issue was involved the court had under consideration the meanings of "a" and "the" when used in connection with proximate cause. From the opinion we quote the following:

"We cannot, however, approve the charge as given because of the repetition of, and the emphasis on, the phrase, *'the* proximate cause'. As thus given, the charge was tantamount to an instruction that, before plaintiff could recover, he must show that defendant's negligence was 'the sole' proximate cause of the accident. This is not the law, as there may be two proximate causes of an

accident. (Cases cited.) A proximate cause of an injury is not necessarily the sole cause. (Cases cited.)

This distinction is especially important in the instant case because of the fact that the contributing negligence, if any, of plaintiff's driver cannot be imputed to this minor plaintiff; and it does not therefore follow that defendant is not liable unless his negligence is *the* proximate cause. The jury should have been clearly instructed that plaintiff cannot recover from the defendant unless the jury finds that his negligence was *a* proximate cause. Although the trial judge was correct in holding that defendant's negligence was a question of fact for the jury, we are of the opinion that, for the reason above noted, the charge as given was misleading. The judgment must be vacated and a new trial granted." (All italics are those of the Supreme Court of Michigan.)

(b) We agree with appellants that the vice indicated in the above modified instruction was emphasized by the giving of appellee's instruction No. 5, the latter part of which defined proximate cause as:

"*That* cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred. It is *the* efficient cause, *the one* that necessarily sets in operation the factor that accomplished the injury." (Emphasis supplied).

It will be noted that the italicized words, "that", "the", and "the one", used in the above instruction all point to a single cause and to that extent necessarily eliminates the possibility of more than one cause. In the case of *Harvey* v. *Exner*, 194 Wis. 149, 216 N. W. 165, where similar wording was used in an instruction, the court employed the following language which we adopt in so far as it is applicable to the issue here:

"This language is subject to the interpretation that there can be but one proximate cause of an injury. The jury having found that the defendant's negligence constituted the proximate cause of the injury, they might

well have believed that they could not find that the want of ordinary care on the part of Harvey also constituted a proximate cause of the collision, in view of the fact that they were nowhere told that there could be more than one proximate cause."

Appellants offered other instructions which presented their theory of the case but they were refused by the court. There were no other instructions given the jury by the court which properly presented appellants' theory of the case.

Appellee contends that appellants' theory of the case was properly presented to the jury because the court instructed the jury that it could find for appellants regardless of whether or not John F. Lydon was also negligent, but we cannot agree. Not only were appellants entitled to this kind of an instruction but they were entitled to an instruction permitting them to recover in the event they found that the negligence of both appellee and John F. Lydon were concurring proximate causes. However, as shown above this right was denied appellants when the court in effect told the jury that it could not find in favor of appellants unless it also found that appellee's negligence was the sole and only proximate cause of the collision.

It is finally insisted by appellee that any error that the court may have committed by giving the modified instruction discussed above was harmless for the reason that his own request for an instructed verdict should have been granted by the court. This requested instruction is based on the ground that there is no evidence showing any negligence on the part of appellee. We cannot agree with this contention.

It will be remembered that, as heretofore set out, the complaint contained several allegations of negligence on the part of appellee. It is our view that the testimony of John F. Lydon was sufficient to make a jury question on this issue. Lydon testified that before turning left on the intersecting road he pushed a knob on the left side of the steering wheel which caused a light to blink

indicating a left turn, and that he put out his hand and that he "put his hand out and let it stay out" until he had made a full stop at the intersection; that he shifted into low gear after looking in both directions and attempted to cross highway 70; and that the signal light was on all this time. It was his testimony that his car was practically across highway 70 when the rear end was hit by the right front portion of appellee's car. The evidence shows that John F. Lydon and appellee both had an unobstructed view along highway 70 for a distance of several hundred feet west of the point of the collision.

In view of the above testimony we think the jury might have found that appellee did not maintain a proper lookout at all times or that he did not use proper care in trying to avoid hitting Lydon's car after he might have discovered it in his line of progress.

For the reasons stated above the judgment of the lower court is reversed.

The Chief Justice and Justice MILLWEE dissent.

GRIFFIN SMITH, Chief Justice (Dissenting). I do not attach to "the" and "a" the legalistic mischief assessed by the majority. It is my view that chimerical shadings do not influence a jury's verdict.