GANTT *v.* SISSELL.

5-253                                                                    263 S. W. 2d 916

Opinion delivered January 11, 1954.

Rehearing denied February 15, 1954.

*W. S. Atkins* and *Will Steel,* for appellant.

*John L. Wilson, Bert B. Larey* and *Shaver, Tackett & Jones,* for appellee.

WARD, J.   On October 31, 1951, Mrs. J. W. Burnett left her home in Texarkana to drive her mother, Mrs. Nettie Gantt (appellant), to Murfreesboro.   When they were about 3 miles northeast of Nashville on Highway No. 70, the Lincoln automobile which Mrs. Burnett was driving collided with a Ford car going in the opposite direction driven by Wesley Floyd Sissell, appellee, resulting in injuries to Mrs. Gantt.   A suit for damages was filed by Mrs. Gantt against Sissell on the ground that the collision was caused by his negligence or by the concurring negligence of him and Mrs. Burnett.

This appeal from a jury verdict in favor of Sissell does not question the sufficiency of the evidence to support the verdict, making it unnecessary to set out in detail the conflicting testimony as to how the collision occurred, and so we will refer to the testimony only to the extent that is necessary to understand a discussion of the several assignments of error hereinafter mentioned.

1.   An Arkansas State policeman by the name of Carl Chambers who arrived at the scene of the collision shortly after it occurred and made notes of his measurements and observations was sick and unable to appear as a witness for Sissell on the day set for trial, and appellee moved for a continuance on that ground, setting out in the motion what the testimony of the witness would be.   In order to avoid postponement of the trial, however, appellant agreed that if the witness were pres-

ent he would testify that the Lincoln car driven by Mrs. Burnett skidded out of control. At the time appellant made no objection that said testimony was incompetent although she did object to certain other portions of the witness' statement and they were excluded by the court. Later during the trial when the witness' statement was introduced in evidence with the court's approval appellant objected and saved her exceptions. Under the attending circumstances, the admission of this testimony was not error. It is true that there was no accompanying testimony to lay the foundation for the policeman's statement yet it appears from the record that appellant was fully aware, when the agreement referred to above was made, that the witness could have qualified if he had been present in person. Had the court ruled otherwise than he did, appellee would have been misled in waiving his motion for a continuance and agreeing to a trial without the benefit of a material witness.

The full written report of the policeman was offered in evidence by appellee but was refused by the court on objection by appellant. We do not agree with appellant that it was reversible error for the court to allow appellee to insert the report in the record since the jury had no opportunity to see or consider it.

2. We do not agree with appellant that there was any error in connection with appellee's attempt to introduce testimony to show that Mrs. Burnett had reimbursed appellee for damages to his automobile and injuries to his person. On cross-examination Mrs. Burnett and her husband were asked if they had reimbursed appellee, and both of their answers were in the negative, and no prejudice could have resulted to appellant. On rebuttal, appellee's attorney asked him if he had been so reimbursed and his answer was in the affirmative. Objection was made by appellant and the court directed the jury to disregard the answer if they heard it. Thereupon appellant again objected on the ground that if any payment was made, it was not shown to be with the consent and knowledge of Mrs. Burnett, and the court again

sustained the objection. Following this, appellee's attorney asked him if he had been paid with the knowledge and consent of Mrs. Burnett. Objection was made, but the court properly allowed the witness to answer in the affirmative.

Later, on cross-examination of appellee by appellant's attorney, he was asked the following question: ''Q. Now, you stated that you had been paid for the damages to your car and your personal injuries with the knowledge and consent of Mrs. Burnett. How do you know Mrs. Burnett knew that?'' Appellee's answer was to the effect that Mrs. Burnett's husband told him of the payment, and, on objection by appellant the court excluded the answer from the jury. Then appellant's attorney made the following objection: ''Now, I ask that that question to *Mrs. Burnett* whether she took part or consented to his being paid be stricken from the record.'' As stated above, this objection was not well taken because Mrs. Burnett's answer was in no way prejudicial to appellant. Apparently, the objection was intended to apply to the question propounded to appellee and not to Mrs. Burnett.

3. Appellant's other contentions relate to certain instructions given and refused by the court. We find no reversible error as is indicated in the following discussion of each separate assignment.

(a) Appellant's requested instruction No. 1 was refused by the court and this is assigned as error. The requested instruction, which correctly defined appellee's liability in the event that the collision was the result of negligence on his part and on the part of Mrs. Burnett, was fully covered by the court's instruction No. 1 which reads as follows:

''You are instructed that it is a general rule of law in our state that where one is injured as the result of the concurring negligence of two parties, the injured party may, at his or her election, sue one or both of the joint tortfeasors. In this connection, if you find from a preponderance of the evidence that the defendant Sissell

was guilty of negligence as defined in these instructions and that such negligence so contributed to the collision that it would not otherwise have happened, then Mrs. Gantt would be entitled to recover from Mr. Sissell, notwithstanding the negligence, if any you find, of Mrs. Burnett, the driver of the car in which Mrs. Gantt was riding.''

Appellant's theory of the case was correctly presented to the jury in appellee's requested instruction No. 1, given by the court which reads:

''You are instructed that by proximate cause is meant the cause which sets all others in motion, and unless plaintiff has proved to your satisfaction, by a fair preponderance of the evidence, not only that the defendant was negligent, but also that his negligence was *a* proximate cause of this accident, the plaintiff cannot recover and your verdict must be for the defendant. You are further instructed that the word 'proximate' as used in 'proximate cause' is intended to mean direct or immediate as opposed to 'remote'.''

(b)  It is seriously contended by appellant that it was error for the court to give appellee's instruction No. 2 which reads as follows:

''You are instructed that the basis of this accident is negligence and you cannot infer negligence on the part of the defendant from the mere happening of an accident.  The law imposes upon the plaintiff the duty of proving his or her case by the preponderance of all the evidence, and this burden rests upon the plaintiff throughout the entire trial and applies at every stage thereof, and you cannot find a verdict in favor of the plaintiff unless and until the plaintiff has proved by the preponderance of all the evidence that the defendant was guilty of negligence charged against him and that such negligence was *the* proximate cause of the injury complained of by the plaintiff.'' (Emphasis supplied.)

The essence of appellant's contention is that the word ''the'' which is underlined in the above instruction

makes the instruction erroneous under the holding in the case of *Lydon* v. *Dean,* 222 Ark. 367, 260 S. W. 2d 465, but we do not agree because there is a material and substantial difference between the two cases. In the *Lydon* case where it was held error for the court, in a similar instruction, to substitute the word "the" for the letter "a," the decision is based on the fact that without the correct instruction containing the letter "a" there was no other instruction which presented plaintiff's theory of the case based on the concurring negligence of the two parties. Such is not the situation here, for, as has already been pointed out, there were other instructions which properly presented appellant's action for damages against appellee based on the concurring negligence of both appellee and Mrs. Burnett. Because of the nature of the holding in the *Lydon* case, it may be susceptible to the criticism of being technical and there is no reason here to extend it beyond the limits therein specified.

(c) Finally, it is insisted that the court erred in giving appellee's requested instructions No. 8 and No. 16. Said instruction No. 8 contained the same alleged vice as set forth in instruction No. 2 quoted above and must be rejected for the reasons already stated. Moreover, the error here complained of was invited by appellant's requested instruction No. 2, which was given by the court and which reads as follows:

"If you find, from a preponderance of the evidence, that the defendant, Wesley Floyd Sissell, at the time of the collision complained of, was guilty of negligence as defined in these instructions and that such negligence, if any, was *the* proximate cause of the collision and injuries to the plaintiff, Mrs. Gantt, if any, then and in that event you are told that the defendant would be liable and you should find for the plaintiff, Mrs. Gantt."

The court committed no error in giving appellee's instruction No. 16 which also contains the words "the proximate cause" because by this instruction the jury was correctly told that it might find that appellee was

not guilty of any negligence and that Mrs. Burnett's negligence was the proximate cause of the collision. This instruction correctly submitted appellee's theory of the case, and there is no contention that it was not justified by the testimony when taken together with all the other instructions.

For the reasons above stated the judgment of the lower court is affirmed.