Samuel M. GARROUTTE, Plaintiff,

v.

GENERAL MOTORS CORPORATION and Goff-McNair Motor Company, Defendants.

Civ. A. No. 402.

United States District Court
W. D. Arkansas,
Fayetteville Division.

Dec. 21, 1959.

Rex W. Perkins, Fayetteville, Ark., Elliott Howe, Tulsa, Okl., for plaintiff.

Crouch, Jones & Blair, Springdale, Ark., for General Motors.

Warner, Warner & Ragon, Ft. Smith, Ark., for Goff-McNair.

JOHN E. MILLER, Chief Judge.

On December 1, 1959, the above-entitled cause was removed to this court upon the petition of the defendant, General Motors Corporation. The grounds alleged in support of the petition are as follows:

"2. That in said suit there is a controversy which is wholly between citizens and companies of different states and can be fully determined between them, between the plaintiff who at the time of the commencement of said suit was a resident of Tahlequah, Oklahoma, and between the defendant General Motors Corporation, a corporation organized and existing under and by virtue of the laws of the State of Delaware. The petitioner states that in said action instituted in the state court that a corporation organized and existing under and by virtue of the laws of the State of Arkansas is joined as a party defendant, but that said party defendant is not concerned with the cause of action stated against this petitioner herein and that this action would be removable pursuant to the provisions of Section 1441–C of the Judiciary and Judicial Procedural Acts for the United States."

On December 5, 1959, the plaintiff filed his motion to remand in which he denied the allegations of paragraph 2 in the petition for removal.

The removing defendant on December 18, 1959, filed its response and incorporated therein a brief in support of its contention that the claim of plaintiff is a separate and independent claim or cause of action which would be removable if sued upon alone; that the complaint contains no allegations that the defendants are jointly liable, but that on the contrary the complaint merely shows that the plaintiff intended to join severable actions.

The removing defendant specifically alleged in its petition for removal that the case was removable under the provisions of 28 U.S.C.A. § 1441(c), yet no cases are relied upon by the defendant other than cases which were decided prior to the enactment of Sec. 1441(c).

In all cases where the question of jurisdiction arises, the court is bound to ask and answer for itself the question of whether it has jurisdiction even though no motion to remand is made. Mayner v. Utah Construction Company, D.C.W.D.Ark., 108 F.Supp. 532.

■ District Courts of the United States are not courts of general jurisdiction, and the jurisdiction is to be exercised only within the limitations defined by the Constitution and Congress. Schroeder v. Freeland, 8 Cir., 188 F.2d 517–519.

■ The District Courts are charged with the duty of enforcing the jurisdictional limitations. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. To this end the courts on their own motion are under a duty to raise the question of lack of jurisdiction at any time such lack appears. Lowry v. International Brotherhood, etc., 5 Cir., 259 F.2d 568–570.

Title 28, U.S.C.A. § 1447(c), provides that if at any time it appears that a case was removed improvidently and without jurisdiction, the District Court shall remand the case, and a certified copy of the order of remand shall be mailed by its Clerk to the Clerk of the State Court. Upon receipt of such certificate, the State Court may proceed with such case.

■ The removing defendant is a corporation organized and existing under and by virtue of the laws of the State of Delaware. The other defendant, Goff-McNair Motor Company, is a corporation organized and existing under the laws of the State of Arkansas. The plaintiff is a citizen of the State of Oklahoma and resides in the City of Tahlequah in such State. It should be borne in mind that the defendant, Goff-McNair Motor Company, is a citizen of Arkansas and the case was not removable by that defendant. 28 U.S.C.A. § 1441(b).

The first question to be determined is whether the claim asserted by plaintiff against the petitioner constitutes a separate and independent claim or cause of action.

In American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the Court, after setting forth the former statute governing removal, 28 U.S.C. (1946 ed.) § 71, and the present statute governing removal, 28 U.S.C.A. § 1441(c), beginning at the bottom of page 9 of 341 U.S., at page 538 of 71 S. Ct. of said opinion, said:

"One purpose of Congress in adopting the 'separate and independent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts. Section 71 allowed removal when a controversy was wholly between citizens of different states and fully determinable between them. Such a controversy was said to be 'separable.' The difficulties inherent in old § 71 show plainly in the majority and concurring opinions in Pullman Co. v. Jenkins, 305 U.S. 534, 542, 59 S.Ct. 347, 351, 83 L.Ed. 334. See Note, 41 Harv.L.Rev. 1048. Often plaintiffs in state actions joined other state residents as defendants with out-of-state defendants so that removable controversies wholly between citizens of different states would not be pleaded. The effort frequently failed, see Pullman Co. v. Jenkins, 305 U.S. at page 538, 59 S.Ct. at page 349, and removal was allowed. Our consideration of the meaning and effect of 28 U.S.C. § 1441(c) 28 U.S.C.A. § 1441(c) should be carried out in the light of the congressional intention. Cf. Pullman Co. v. Jenkins, supra, 305 U.S. at page 547, 59 S.Ct. at page 353; Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 483, 85 L.Ed. 800.

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. 'Controversy' had long been associated in legal thinking with 'case.'

It covered all disputes that might come before federal courts for adjudication. In § 71 the removable 'controversy' was interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court.

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v. Latham, 103 U.S. 205, 212, 26 L. Ed. 514, with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action'. § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose.

"In a suit turning on the meaning of 'cause of action,' this Court announced an accepted description. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. This Court said, 274 U.S. at page 321, 47 S.Ct. at page 602:

" 'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

" 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.'

"See Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 443, 64 S.Ct. 208, 215, 88 L.Ed. 149. Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

"In making this determination we look to the plaintiff's pleading, which controls. Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 349, 83 L.Ed. 334. The single wrong for which relief is sought is the failure to pay compensation for the

loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition."

In Moore's Commentary on the U. S. Judicial Code, Sec. 0.03(37), beginning at the bottom of page 251, it is said:

"But where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441 (c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal. With deference, we submit that cases taking a contra position have not sufficiently considered the effect of eliminating the separable controversy as a basis for removal, and that the change was in the direction of restricting removal jurisdiction."

In Arkansas the settled rule of law in tort actions was seemingly first stated in Coca-Cola Bottling Company v. McAnulty, 185 Ark. 970, where at page 974, 50 S.W.2d 577 at page 578, the court said:

"Where concurrent negligence is alleged, the general rule is stated as follows: 'As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause without which the injury would not have resulted to as great an extent, and that such other cause is not attributable to the person injured. But it must appear that the person sought to be charged was responsible for one of the causes which resulted in the injury. The concurring negligence of another cannot transform the remote into the proximate cause of an injury, or create or increase liabilities therefor.'" 45 C.J. 920; 65 C.J.S. Negligence § 110.

In Healey & Roth v. Balmat, 1934, 189 Ark. 442, 74 S.W.2d 242, the plaintiff filed a suit against Healey & Roth and one Henry Blake for injuries received by being struck by the automobile driven by Henry Blake. There was a judgment against both defendants and Healey & Roth appealed. In disposing of the appeal, the general rule as heretofore set forth was reiterated.

In Checker Cab & Baggage Co., Inc. v. Harrison, 1935, 191 Ark. 564, 87 S.W.2d 32, the plaintiff filed a suit against the cab company and one Johnny Lord. Plaintiff alleged that he was injured by the joint and concurring negligence of both defendants. The jury returned a verdict in favor of plaintiff against both defendants. The cab company appealed. In disposing of the appeal, after referring to the Balmat case, supra, the court, at page 569 of 191 Ark., at page 34 of 87 S.W.2d of the opinion, said:

"It is the rule of general application, and finds support in our own cases, that, to render a person liable for a negligent act, it need not be the sole cause thereof. It is sufficient if it concurs with one or more efficient causes. Where several efficient causes combine to produce injuries, a person is not relieved from liability because he was responsible for only one of them."

In Oviatt, Adm'r v. Garretson, 1943, 205 Ark. 792, 171 S.W.2d 287, the court, at page 802 of 205 Ark., at page 292 of 171 S.W.2d said:

"The books contain many cases where two or more parties were each negligent and their negligence

**320**

concurred to produce the injuries to a third party, and both negligent parties were held liable."

The case of Hill v. Wilson, 1949, 216 Ark. 179, 224 S.W.2d 797, was a case in which the plaintiffs filed a suit against Hill whose employee was driving a large truck and carrying a large power shovel or dragline with the bucket suspended above and behind the rear of the lowboy. The plaintiffs were following the truck in their car, and following behind the plaintiffs' car was a truck driven by Snider. The Hill truck stopped. The plaintiffs likewise stopped their car, but the Snider truck struck the plaintiffs' car and forced it forward into the rear end of the truck carrying the power shovel. Only the defendant Hill appealed. The Supreme Court held that the testimony was sufficient to fix the liability upon the owners of both trucks. See, also, the case of Lydon v. Dean, 1953, 222 Ark. 367, 260 S.W.2d 465.

■ The plaintiff is only seeking to recover for a single wrong. The relief sought arises from an interlocked series of acts on the part of both defendants which acts the plaintiff alleges were negligent and constituted a proximate cause of the injuries which plaintiff claims he received. The allegations of the plaintiff's complaint must be considered, and, in fact, the allegations determine whether the cause of action alleged against the petitioner is separate and independent. Pullman Co. v. Jenkins, 305 U.S. 534–538, 59 S.Ct. 347, 83 L.Ed. 334.

■ In determining whether the case is removable, the court must exercise the same care to protect the jurisdiction of the state court as is exercised in protecting the jurisdiction of the federal court. Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 793; Huffman v. Baldwin, 8 Cir., 82 F.2d 5.

■ Whether the defendants are jointly liable under the allegations of the complaint is determined by the state law. The motive of the plaintiff in filing suit against both defendants does not af-

fect the right to remove. If there is a joint liability, the plaintiff has an absolute right to enforce it, whatever the reason that makes him wish to assert the right, and the court is not to decide whether a flaw could be picked in the complaint on a special demurrer or a motion to dismiss. Chicago, R. I. & P. Railway Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473. See, also, Locke v. St. Louis-San Francisco Railway Co., 8 Cir., 87 F.2d 418.

In Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, at page 394, the court said:

"The court need only consider whether there is a real intention on the part of the plaintiff to secure a joint judgment, or whether there is only a colorable ground for such claim shown by the record. The court on motion to remand will not examine plaintiff's pleading closely enough to determine whether a flaw might be found in it on special demurrer, but even though plaintiff may have misconceived his cause of action and may have no right to maintain it against the defendants jointly, yet that does not necessarily convert an alleged joint cause of action into a separable controversy for the purpose of removal."

■ Under the law of Arkansas, a plaintiff is given a cause of action against each person participating in a tort and may obtain judgment against all tort feasors severally or jointly or in separate causes of action, but, of course, the plaintiff can have but one satisfaction. This being a substantive law, it must be continually kept in mind in determining the removability of tort actions arising in this state in the light of the present provisions of 28 U.S.C.A. § 1441.

In the complaint the plaintiff specifically alleged certain acts of negligence against each defendant and that the acts of each defendant produced and brought about the injuries and damages complained of.

While the complaint is somewhat unartfully drafted, it is clear from the allegations contained therein that the time and situs of each negligent act charged and the resulting damages claimed were concurrent, and that the plaintiff premises its cause of action against both defendants as joint tort feasors. No question of fraudulent joinder is here involved.

The case of Butler Mfg. Co. v. Wallace & Tiernan Sales Corporation, D.C.W.D. Mo., 82 F.Supp. 635, insofar as the allegations of the complaint are concerned, is very similar to the instant case. Judge Ridge, in granting the motion to remand, 82 F.Supp. at page 638, said:

"If it is found from the group of facts stated in the complaint that they are consistently and logically connected with only one such claim, then no right of removal here exists. No longer can a single claim sued on, be separated into parts so as to effect a removal of a single claim or cause of action from a State to a Federal Court. Cf. Moore's Fed. Prac., Vol. 3, p. 3505. Henceforth, if defendants are properly joined, and the liability asserted against them, whether several or joint and several, relate to the single claim sued on, then their liability therefor cannot be separated so as to authorize removal of a cause. Only separate and independent claims joined in one action, which if sued on alone and within the original jurisdiction of United States District Courts are now subject to removability. In the instant case, it appears that the complaint charges a cause of action for damages caused at a singular time and place by separate wrongful acts of defendants."

Therefore, the claim of plaintiff asserted against the removing defendant is not a separate and independent cause of action and is not removable. This makes it unnecessary to consider the defendant's motion for a summary judgment.

An order is being entered today granting the motion to remand and remanding the case to the Circuit Court of Washington County, Arkansas, whence it was removed.