St. Louis and San Francisco Railway v. Smith et al.

Railroad:  *Damages for right of way; evidence.*

Upon an inquest of damages for a right of way, the price which the owner gave for the land may be put in evidence as tending to show its value, but it is not conclusive. The owner may show in explanation, the circumstances under which he bought, the condition of the property at the time, and his improvements put upon it since his purchase.

APPEAL from *Washington* Circuit Court.

Hon. W. F. PACE, Special Judge of the Circuit Court.

*B. R. Davidson* for appellant.

The price paid for land may be put in evidence to show its value. (*Mills on Em. Domain, sec. 168; Pierce on Railroads, p. 225; 100 Mass., 350; 58 Pa., 26; 7 Allen, 313; 68 Ill., 380.*) The right to prove the market value of the land before and after the building of the road is clear. *Pierce on R. R., p. 225; 13 Met., 316; 118 Mass., 546; 65 Me., 230; 2 Iowa, 288; 36 Ib., 323; 74 Pa. St., 262; 18 Ill., 257; 10 Ind., 560; 18 Minn., 184; 64 Mo., 149; 5 Ohio St., 568,* etc.

*L. Gregg* for appellee.

Contends that while it may be that the court erred in excluding testimony as to the price paid for the land, etc., etc., yet the judgment is right on the whole case, and the damages not excessive on the testimony adduced. The correct rule is that the damages must be estimated upon the *market value,* and not upon what a party paid, or what it might have brought at a specific sale, or under peculiar circumstances, etc.

SMITH, J. This was a proceeding under the statute by a railway company to have the damages assessed for appropriating the right of way through the defendant's farm. The tract contained 237 acres, and the road ran through the cultivated part of it for the distance of three-quarters of a mile. The land actually taken was less than ten acres. The jury gave a verdict for $430 damages, upon which judgment was entered.

On the trial the petitioning company introduced McDaniel, one of the defendants, and offered to prove by him that he had, shortly before the commencement of the

condemnation proceedings, purchased the whole farm of his co-defendant, Smith, for $1,200, and had afterwards resold and conveyed it to Smith for the same price. Also, that at Smith's request, the consideration expressed in the deed was $2,000.

Hunt, a witness for respondent, after testifying to the market value of the land, was asked on cross-examination: "Do you know what Smith paid for the tract just before the road took the right of way?"

Smith, one of the defendants, had sworn that the 120 acres pierced by the railroad was worth $1,800 before the right of way was taken. On cross-examination he was asked these questions: "Did you not have this tract of land in your hands, as a real estate agent, for two or three months just before the right of way was taken, offering it for $1,500, and unable to find a purchaser?" "Did you not in the conveyance by McDaniel to you have the consideration placed at $2,000, when in fact the sale was for $1,200, in order to enable you to sell for a greater price?"

But the court refused to require or even permit the witnesses to answer any of the foregoing questions. The exclusion of this testimony was excepted to at the time, and the objection was renewed in the motion for a new trial.

The price which the owner gave for his land may be put in evidence, because it tends to show its value. It is not of course conclusive, because the owner may show in explanation, the circumstances under which he bought, the condition of the property at the time, and the improvements he has made upon it since the purchase. *Ham v. City of Salem, 100 Mass., 350.*

Reversed, and remanded for a new trial.