BRADLEY *v.* KEITH.

315 S. W. 2d 13

Opinion delivered July 1, 1958.

*S. L. White,* for appellant.

*Ancil M. Reed,* for appellee.

CARLETON HARRIS, Chief Justice. This is the second appeal of this case.[1] An action was brought by the City of Little Rock to condemn five acres of land, the complaint alleging that Bradley had a deed to the land, and that Keith had a tax title to same. Bradley filed an answer asserting title to the property, but Keith failed to file any pleading whatsoever. At a preliminary hearing, with the parties represented by their attorneys, it was agreed that the land was worth $1,000, and that the city might deposit such amount in the registry of the court, and take possession of the property. The court's order

---

[1] See *Bradley* v. *Keith*, 227 Ark. 1107, 305 S. W. 2d 134.

recited, "* * * said funds shall remain in the registry of the court until ownership has been finally determined," and directed that the cause be placed on the regular docket for determination. On June 5, 1956, Bradley was present by his attorney, but appellee failed to appear. After hearing evidence, the court found that Keith was entitled to reimbursement for the amount paid for his tax deed together with interest, and that Bradley was entitled to the rest of the aforementioned fund.

On the following day, Keith filed an unverified motion to set aside said judgment, asserting that only a pre-trial conference had been set for June 5th, and that his attorney had been unable to attend by reason of illness. This motion was not presented to the court until after the lapse of the term. At the subsequent term, the court considered the motion, and acting upon the statement of counsel for appellee, made a finding of unavoidable casualty and vacated the judgment. Bradley appealed to this Court, and we reversed the Circuit Court because the motion filed by Keith to set aside the judgment was not verified, nor was any sworn testimony taken at the hearing on said motion. Following the filing of the mandate, Keith again filed a motion to set aside said judgment, and verified same. The court granted the motion, and set aside the judgment of June 5, 1956. From such action, appellant brings this appeal.

The second motion filed by appellee was identical with the first, with the exception that the latter was verified. The meritorious defense alleged was that Keith had a tax deed to the property. Subsequently, Keith amended his pleading to allege the placing of improvements upon the property. Section 29-508, Ark. Stats. (1947) Anno., requires that a complaint to set aside a judgment after the expiration of a term be verified. We reversed the earlier appeal because this statute was not complied with. It was pointed out in our opinion that this requirement may be satisfied by the introduction of sworn testimony at the hearing on such a motion, but though an oral statement was made by counsel, which

might well be considered testimony, the requirement was not met since the statement was not made under oath. The issue before this Court in the first appeal was whether the trial court's action in setting aside its earlier judgment was proper and valid. That court had based its action on a finding that appellee's counsel was prevented, through unavoidable casualty, from attending the hearing at which the judgment was entered. This question, as well as the question of appellee's failure to file an answer within the time allowed by statute, was before this Court, and argued in the briefs. The fact that the case was decided on another point does not mean that Keith is entitled to start over again. Such a holding would not be logical. If Keith can correct his mistake by verifying his pleading and thus come before the Court a second time, then if the present pleading were unverified, and we again reversed for that reason — he could come a third time, and in fact, a fourth — and so on. There would never be an end to the matter. The additional allegation of improvements to the property is of no help because these improvements apparently were made before the filing of the first motion. On page 84, paragraph 65, Vol. 60, of *Corpus Juris Secundum,* we find:

"* * * the denial of a motion is not *res judicata* as to a subsequent motion which is based in part on matters occurring after the making of the prior motion, and which seeks relief which the earlier motion did not seek."

Here, the converse is true. The second motion seeks identically the same relief as the first, and the additional defense alleged is not based on matters occurring after the making of the first motion. We accordingly find that the question of the validity of the Circuit Court's order setting aside the judgment of June 5, 1956, was adjudicated by this Court on July 1, 1957.[2]

Were it otherwise, the result would be the same, for appellee cannot prevail for yet another reason. This suit was filed by the city on March 29, 1956, and no an-

[2] Rehearing was denied on September 30, 1957.

swer was ever filed by Keith. The judgment in favor of Bradley was not entered until sixty-five days after service of summons on both Bradley and Keith, and twenty-six days after the court placed the cause on the regular docket for determination. Counsel for appellee was apparently under the impression that it was not necessary to file an answer in a condemnation suit. As a general rule, this is true. In Vol. 18, American Jurisprudence, Section 325, page 970, we find:

"When condemnation is by judicial proceeding, the usual practice requires no plea or answer on the part of a defendant, and it has been held that it is not error to strike out an answer filed. A reason why there is no strict necessity that the owner should appear and answer is that the land can be condemned only on the payment of just compensation to the owner, and this, of course, must be ascertained and paid whether or not the owner appears and answers.

＊  ＊  ＊

On the other hand, it has been held that the duty devolves on a defendant in an eminent domain proceeding not only to prove, but also to plead, how and why he will suffer damages in respect of land which is not taken in the proceeding. Thus, if he claims damages for the cost of building and maintaining fences along a strip of land taken for a public use, such as a highway or railroad, his answer should contain appropriate pleadings supporting the claim."

In this litigation, we do not agree that the filing of a pleading was unnecessary. Sec. 35-906, Ark. Stats. (1947) Anno., provides:

"So soon as the amount of compensation that may be due to the owners of the property taken, or to any of them, shall have been ascertained by the jury, the court shall make such order as to its payment or deposit as shall be deemed right and proper in respect to the time and place of payment and the proportion to which each owner is entitled, and may require adverse claimants of any part of the money or property to in-

terplead, so as to fully settle and determine their rights and interests according to equity and justice."

As previously mentioned, the court, on May 10, 1956, entered an order finding that the city had deposited the sum of $1,000 into the registry of the court, and "* * * that there is a dispute among the defendants as to the ownership of said property. That said funds shall remain in the court until said ownership has been finally determined. * * * It is further ordered that the cause be placed on regular docket for determination of distribution of the funds." So here, it was incumbent, that in order to make claim to the fund deposited, the two claimants of the land assert their claim to ownership (or any other claim, such as improvements), in order that the court might act thereon. It was accordingly necessary that pleadings be filed. Sec. 27-1135, Ark. Stats. (1947) Anno., was amended by Act 49 of 1955[3] to provide as follows:

"The defense to any complaint or cross-complaint must be filed the first day after expiration of the periods of time set forth below, as the case may be:

First. Where the summons has been served twenty (20) days in any county in the State; * * *"

As pointed out by appellant, this provision has been held to be mandatory. *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439. See also *Pyle* v. *Amsler, Judge*, 227 Ark. 785, 301 S. W. 2d 441. In the former case, this Court said:

"* * * We do not mean to foreclose the possibility of relief to a defendant who has been prevented by unavoidable casualty in making his defense. For nearly a hundred years such a misfortune has been a basis for vacating a judgment after the expiration of the term. * * * The 1955 acts do not purport to change the law in this respect. * * *"

Here, no unavoidable casualty or misfortune is suggested as preventing the filing of an answer.

---

[3] This act was further amended by Act 53 of 1957.

Without entering into a detailed discussion, since this litigation is thus disposed of, it might likewise be added that under the proof, we cannot agree that the failure of counsel to attend the hearing because of illness, constituted unavoidable casualty. The evidence showed that the law firm, with which then counsel was connected, had several members or associates, and it is not shown that it would have been impractical for any of these to attend the hearing.

For the reasons enumerated herein, the judgment is reversed, and the cause remanded with directions to reinstate the judgment of June 5, 1956.