Purnell *v.* Missouri Pacific Ry. Co.

5-2861                                    362 S. W. 2d 674

Opinion delivered December 17, 1962.

*Griffin Smith,* for appellant.

*Pat Mehaffy* and *W. A. Eldredge, Jr.,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant brought this action alleging that as an employee of the appellee railroad he was injured in the course of his employment through the negligence of appellee and sought damages under the Federal Employer's Liability Act [commonly referred to as FELA].

The trial resulted in a verdict for the appellee and the appellant prosecutes this appeal, presenting an abbreviated record and relying upon the following points:

"Appellee's Instruction No. 3 was prejudicially erroneous in (1) instructing in terms of common-law proximate causation instead of the much broader terminology of the FELA; (2) omitting any definition of proximate cause, when it was couched in binding terms; (3) excluding speculation as to injury and damages; and (4) excluding presumptions as a basis for inference of negligence."

Appellee's instruction No. 3, the one here challenged, is as follows:

"You are instructed that no presumption arises from the mere happening of an injury to a railroad employee and you cannot guess, surmise or speculate on the issues of negligence, proximate cause or damages. The burden of proof is on the plaintiff to establish by a preponderance of the evidence all of the following: (1) that the defendant railroad was guilty of negligence; (2) that such negligence, if any, was a proximate cause of the plaintiff's injury and damage, if any.

If you find and believe that the evidence on any one of these points does not preponderate in favor of the plaintiff, or that the evidence in regard thereto is evenly balanced, then your verdict must be in favor of the defendant, Missouri Pacific Railroad Company."

The appellant objected, both generally and specifically, to the giving of this Instruction No. 3 as follows:

"(The court gave such instruction over the general objections of the plaintiff. The plaintiff further specifically objected to said instruction because it erroneously states

there is no presumption from the happening of an accident, when under FELA it has been frequently held that the rule of *res ipsa loquitur* freely applies; further, since there is evidence of negligence an instruction in terms of legal presumptions is misleading and superfluous; it erroneously tells the jury that plaintiff has the burden of proving that the negligence of the railroad was a proximate cause of the plaintiff's injury, which places a higher burden on plaintiff than the statute requires, since the statute only requires a showing that negligence 'in whole or in part' caused injury; the instruction is predicated on a 1947 decision which was long since qualified or overruled.)''

This appeal poses the following question: Is negligence which is ''a proximate cause'' of an injury the same as negligence which ''in whole or in part'' causes an injury?

It is well settled that when the correctness of instructions to a jury is a question, the instruction complained of must be examined in conjunction with all the instructions given. The appellant in this case requested four instructions which were given as follows:

''Plaintiff's Instruction No. 2. The Federal Employers Liability Act, which was in force at the time of this occurrence, provides that whenever an employee of a railroad is injured while engaged in the course of his employment, and the *injury results in whole or in part* from the negligence of any of the officers, agents or other employees of the railroad, then the railroad shall be liable in damages to the injured employee. (Emphasis added) * * *

* * * No. 4. Under the terms of the Federal Employers Liability Act, in any action brought against a railroad to recover damages for injury to an employee, the employee shall not be held to have assumed the risks of his employment in any case where the *injury resulted in whole or in part* from the negligence of any of the officers, agents or employees of the railroad. (Emphasis added) * * *

\* \* \* No. 6. If you find from a preponderance of the evidence that defendant railroad failed to use ordinary care to provide plaintiff a reasonably safe place to work and was therefore negligent and such negligence, if any, *in whole or in part caused* plaintiff to be injured, your verdict should be for plaintiff. (Emphasis added) \* \* \*

\* \* \* No. 8. If you find from a preponderance of evidence that plaintiff was injured and that defendant was negligent, and that such negligence, *in whole or in part, caused* plaintiff's injury, then the fact that because of a previous injury in the same area of his body plaintiff may have been susceptible to injury than would otherwise have been the case, if you so find, would not affect his right to recover for his present injury, if any (Emphasis added) \* \* \*''

Therefore the jury was instructed that if the defendant's negligence, in whole or in part, caused plaintiff's injury the railroad company would be liable in damages. We do not conclude that defendant's (appellee's) instruction No. 3 is in conflict with the four instructions which the appellant requested and which were given, nor does instruction No. 3 vary ''the injury results in whole or in part'', as given in appellant's instructions.

It is noted that the court said, in instruction No. 3: '' (1) that the defendant railroad was guilty of negligence; (2) that such negligence, if any, was *a* proximate cause of the plaintiff's injury and damage, if any. \* \* \*'' [Emphasis added]

The use of the indefinite article ''a'' in connection with ''proximate cause'' was before this court in the case of *Lydon, et al.* v. *Dean,* 222 Ark. 367, 260 S. W. 2d 465, where we found error in an instruction in which the trial court changed the reading of the instruction by changing ''a proximate cause'' to ''the proximate cause.''

Reading appellant's four instructions in connection with appellee's instruction No. 3, which is complained of here, we find no variance or conflict.

Appellant contends, however, that under FELA the happening of an accident justifies a presumption of negligence as the doctrine of *res ipsa loquitur* applies.

The phrase, *res ipsa loquitur,* is a picturesque way of describing a balance of probability on a question of fact on which little evidence either way has been presented. It is true that the U. S. Supreme Court has applied *res ipsa loquitur* in FELA cases, but only where there is present recognized requirements of extraordinary unusual occurrences. The application of *res ipsa loquitur* in FELA cases is well set forth in *Herdman* v. *Pennsylvania Ry. Co.,* 77 S. Ct. 455, 1 L. Ed. 2d 508, 352 U. S. 518:

"* * * The proofs do not meet the tests laid down by this Court in *Jesionowski* v. *Boston & M. R. Co.,* 329 U. S. 452, 91 L. Ed. 416, 67 S. Ct. 401, 169 A.L.R. 947, 21 N.C.C.A. N. S. 563. The employee's injuries in the *Jesionowski* Case resulted from a derailment. This Court held that derailments are 'extraordinary, not usual, happenings,' so that when they occur 'a jury may fairly find that they occurred as a result of negligence.' "

The extraordinary circumstances that make applicable the doctrine of *res ipsa loquitur* are absent in this case. The appellant pinpoints the cause of his injury; that is, that the journal box was defective, requiring extraordinary force and that when the lid of the journal box gave way he stepped back suddenly and stepped back on some object that he alleged the appellee had left at that location and that he was therefore not furnished with a safe place to work. The doctrine of *res ipsa loquitur* does not apply in this case.

The judgment of the trial court is, therefore, affirmed.