Myers *v.* Ark. State Highway Comm.

5-3375                          384 S. W. 2d 258

Opinion delivered November 30, 1964.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Mark E. Woolsey* and *Thomas B. Keys,* for appellee.

SAM ROBINSON, Associate Justice. This is an eminent domain proceeding. The Arkansas State Highway Commission condemned for highway purposes a little over one-half acre of a tract consisting of a little less than two acres belonging to appellant, Johnnie A. Myers. Appellant contends that by reason of the taking he has been damaged to the extent of about $100,000.00. The Highway Department claims he has been damaged in the sum of about $2,000.00. The case was tried to a jury and there was a verdict for appellant in the sum of $6,250.00. Myers has appealed.

Appellant contends, first, that the court erred in requiring appellant, who was testifying as a witness, to answer questions on cross examination concerning the amount that his father had paid for the entire tract of property in 1951. The amount paid was $16,500,00. In *St. Louis & San Francisco Railway Co.* v. *Smith,* 42 Ark. 265, this court reversed the trial court for refusing to admit such evidence. There, this court said: "The price which the owner gave for his land may be put in evidence, because it tends to show its value. It is not, of course, conclusive, because the owner may show in explanation, the circumstances under which he bought, the condition of the property at the time, and the improve-

ments he has made upon it since the purchase." The weight of authority is in accord with the decision in the aforesaid railway case. See Annotation 55 A.L.R. 2d, 791.

The order authorizing the taking in the first instance, and the judgment provides:

"Any and all rights or easements of existing, future or potential common law or statutory rights of access or ingress and egress to, from or across the controlled-access facility to or from abutting and adjoining lands be and they are hereby, condemned and extinguished, provided there is reserved to present and future owners or occupants of said abutting and adjoining lands the right of direct access as prescribed and limited by the regulations and policies of the Arkansas State Highway Commission to any adjacent frontage road, if established and when constructed, but access to and from the throughway or main travelled roadway shall be only at interchange points as may be established and maintained by proper authority."

The trial court permitted witnesses for the Highway Department to testify, over appellant's objections, that appellant had not lost the right of ingress and egress to and from his remaining property and Highway 5. Appellant contends that, as a matter of law, under both the first order and the final judgment he lost such right of ingress and egress. The Highway Department argues that he had not lost such right. Under both the first order and the final judgment, when considered in connection with highway plans introduced in evidence, it would appear that appellant has lost such right. If, however, it is not the intention of the Highway Department to destroy the right of ingress and egress, at a new trial, the record on this point should be made clear. If the legal right to ingress and egress has been destroyed by the eminent domain proceeding, witnesses should not be permitted to testify to the contrary.

We now come to a point that requires a reversal of the judgment. It will be recalled that about one-half acre

was taken from a tract of about two acres. At the request of appellee, the court gave Instruction No. 1 as follows:

"Whenever private property is appropriated as an incident to the taking for public purposes, the owners are entitled to just compensation for the lands taken. In this case the just compensation which the owners are entitled to receive is the fair market value of their lands as of the time it was taken for public purposes, which was February 26, 1960."

Appellant objected generally; and specifically as follows: "The instruction states that just compensation is the fair market value of the land at the time it was taken and does not tell the jury that the measure of damages is the difference between the fair market value immediately before and the fair market value immediately after the taking. This instruction is designed for a case in which the entire land of the owner is taken and is not proper where a portion of a tract of land is taken."

The instruction was erroneous. The compensation the owner is entitled to receive where only a portion of a tract is taken in an eminent domain proceeding is the difference in the value of the whole tract immediately before and the value of what is left after the taking. *Arkansas State Highway Comm. v. Fox*, 230 Ark. 287, 322 S.W. 2d 81; *Arkansas State Highway Comm. v. Ptak*, 236 Ark. 105, 364 S.W. 2d 794; *Arkansas State Highway Comm. v. Hood*, 237 Ark. 202, 372 S.W. 2d 387.

The instruction, as given, states that just compensation is the fair market value of the land at the time it was taken and does not tell the jury that the measure of damages is the difference in the fair market value immediately before and the fair market value immediately after the taking.

Appellee argues that if Instruction No. 1, as given by the court, was erroneous, such error was cured by other instructions. The court did give other instructions which correctly stated the law as to the proper measure

of damages, but such correct instructions did not cure the error. In arguing the case to the jury, counsel for the appellee would have had every right to read to the jury Instruction No. 1 and emphasize that under this instruction the landowner could only recover the value of the land actually taken, which, in this case, appears to be a hole or gully. Such an argument would be confusing to the jury, because the real issue was the difference in the value before and after the taking.

Appellee also argues that appellant, in his answer, asked only for the value of the land taken and cites *Bradley* v. *Keith,* 229 Ark. 326, 315 S.W. 2d 13, as authority for the proposition that it is the duty of the defendant in an eminent domain proceeding to allege damages to the property not taken if he expects to recover on that theory. Suffice it to say that without objection the case at bar was tried on the theory of the before and after value. Both sides introduced evidence to prove such values. In addition, an instruction submitting that issue to the jury was given without objection.

Reversed and remanded.

WARD, J., dissents.

PAUL WARD, Associate Justice, (dissenting). For reasons hereafter stated I am unable to agree with the majority opinion.

The court gave two instructions. The first instruction told the jury appellant was entitled to "just compensation" for the land taken. The majority hold this instruction to be reversible error because it did not tell the jury what constituted "just compensation". The second instruction did tell the jury what constituted "just compensation", and that is conceded to be true by the majority.

It is not contended by appellant or stated by the majority that the two instructions are contradictory as a matter of law. In the case of *Roland* v. *Terryland, Inc.,*

221 Ark. 837, 844, 256 S.W. 2d 315, where the same question was being considered, we said, quoting from *Hearn v. East Texas Motor Freight Lines*, 219 Ark. 297, 241 S.W. 2d 259: " 'They [instructions] are ordinarily read to the jury with continuity and unless *contradictory as a matter of law* must be considered as a whole' " (Emphasis added).

We have uniformly held that instructions must be considered as a whole. *Wright v. Rochner*, 233 Ark. 50, 342 S.W. 2d 483, and *Purnell v. Missouri Pacific Ry. Co.*, 235 Ark. 957, 362 S.W. 2d 674. In addition, the court in this case told the jurors "not to take any one of the instructions as the law of the case, but to consider each instruction with every other instruction and consider all instructions as a whole"!

The majority is fearful the appellee's attorney might sway the jury by emphasizing the first instruction. If we assume jurors are that easily swayed, then appellant was fully protected because his attorney could stress the second instruction.