HERMAN B. YOUNG ET AL v. ARK. STATE HIGHWAY COMMISSION

5-4217                                      415 S. W. 2d 575

Opinion delivered June 5, 1967

*Harold Sharpe* and *Spitzberg, Bonner, Mitchell & Hays;* By: *John P. Gill,* for appellant.

*John R. Thompson* and *Philip N. Gowen,* for appellee.

LYLE BROWN, Justice. This is an appeal by the land-owners from a jury award in an eminent domain proceeding. Appellants Herman B. Young and wife own two rectangular tracts which are traversed by Interstate 40 in Monroe County. From one of these tracts, appellee, the Highway Commission, took fee title to 42.54 acres and temporary construction easements totaling 3.27 acres. From the other tract the commission acquired fee title to 32.50 acres and a temporary easement on 1.66 acres. The jury awarded $14,000 for the first described taking and $7,000 for the second.

The landowners advance three points for reversal. These points will be numbered, italicized, and discussed in sequence.

1. *The court erred in refusing to instruct on severance damages.*

The landowners submitted an instruction which recited that "the property condemned constituted only a part of the lands owned by the landowner" and that "the landowner is entitled to just compensation for the fair market value of the land actually taken . . . and also the actual amount of compensation for the lowering, if any, of the fair market value of the remainder land . . . " In other words, appellant sought an instruction measuring his compensation by the value of the lands taken plus damages to the remainder.

Many cases could be cited which set out our measure of damages in partial-taking cases. It has long been the difference between the market value of the whole tract before the taking, and the market value of that part which remains after the taking, less any enhancement peculiar to the lands. *St. Louis, Arkansas and Texas R. R. v. Anderson,* 39 Ark. 167 (1882); *Myers v. Arkansas State Highway Comm'n,* 238 Ark. 734, 384 S. W. 2d 258 (1964). In the case at bar the trial court gave such an instruction without objection.

Three *alternative* formulas are recognized for measuring just compensation in partial-taking cases: (i) The *value of the part taken* rule; (ii) *Value of the part taken plus damages to the remainder* rule; and, (iii) The *before and after value* rule. One authority contends the last method "more easily skirts the danger of double counting of damages and comes closer to a true approximation of the actual damage suffered by the owner." 1 Orgel, *Valuation Under the Law of Eminent Domain,* § 48-64 (2d Ed., 1953). The distinction between the second and third formulas is narrow, but the important point here is that they are *alternatives.* Therefore, it

would be inappropriate to instruct the jury as to both formulas, as requested by appellants. This does not mean that evidence of the value of the lands taken plus damages to the remainder is not admissible. In fact, it is appropriately considered by appraisers as two of the many guides for determining "before and after values." For example, all the appraisers in this case followed that procedure. All of the value witnesses diminished the value of the lands remaining because of severance.

A number of our cases point out that in a partial taking, the landowner is entitled to the value of the lands taken plus damages to lands not taken. *Clark County* v. *Mitchell*, 223 Ark. 404, 266 S. W. 2d 831 (1954); *Ross* v. *Clark County*, 185 Ark. 1, 45 S. W. 2d 31 (1932); *Hempstead County* v. *Huddleston*, 182 Ark. 276, 31 S. W. 2d 300 (1930). In *Ross*, the court in fact instructed the jury on that criteria, doubtless because of the very narrow distinction between that rule and the *before and after* rule. Whether it is error to ever use, in an instruction, the criteria in *Ross* is not before us. We do, however, hold in the case here that it was proper for the trial court to refuse to instruct on both bases of recovery.

Finally on this point, appellants contend that they were "prohibited from presenting to the jury the explanation of the law" as reflected by their proffered instruction. We know of no reason why counsel could not present to the jury a resume of severance damages which the many witnesses testified they used in arriving at the "before and after" values. The standard instruction given by the court, without objection, on *full compensation*, covered every admissible element of damage, of which severance was only one.

2. *A witness may not express an opinion on the fair market value of property if the basis for that opinion is a sale of that property itself.*

Witness H. K. McMurrough qualified as an expert appraiser and testified for the commission. In discussing

comparable sales he gave the price paid by the Youngs for the subject property. That sale was in the same year of condemnation. A recent sale of the identical property —assuming a bona fide and voluntary transaction—is admissible. Orgel, *Valuation Under the Law of Eminent Domain,* § 134 (1936); Jahr, *Law of Eminent Domain Valuation and Procedure,* § 136 (1957). McMurrough testified that he considered other sales he believed comparable.

Under Point 2, the landowners also argue the trial court erred in refusing their motion to strike the entire testimony of witness McMurrough. Particularly with reference to one of the tracts, McMurrough did not return to inspect the land after Young had apparently cleared approximately 815 acres. The clearing was completed before the agreed date of taking. A motion to strike McMurrough's appraisal on that acreage, made in proper form, would have been well taken. However, appellants' motion to strike went to the witness' entire testimony. Had that motion been granted it would have, in effect, told the jury to disregard testimony that was admissible. McMurrough described the acreage in each tract, the amount of land taken, the division of the tracts by the new highway, the amount appellants recently paid for the land, and the condition of the roads during a rainy season. That testimony was clearly admissible. When part of a witness' testimony is competent it is proper to refuse a motion to exclude his entire testimony. *Arkansas State Highway Comm'n.* v. *Carpenter,* 237 Ark. 46, 371 S.W. 2d 535 (1963); *Arkansas State Highway Comm'n.* v. *Wilmans,* 236 Ark. 945, 370 S. W. 2d 802 (1963).

3. *The jury must return separate verdicts for damages resulting from taking the fee and damages resulting from taking temporary easements.*

Appellant cites a single authority — *Jackson* v. *Denno,* 378 U. S. 368 (1963). This landmark criminal case held that the voluntary nature of Jackson's confession should be determined prior to the admission of the

confession to the jury adjudicating guilt or innocence. We fail to see the applicability of that decision to this case.

Appellant did not ask for separate verdicts. No objection was made to the use of general verdict forms. In fact, under the circumstances it would not have been appropriate to submit separate verdict forms covering the temporary easements. This is true because in evaluating damages the landowners' witnesses combined the easement acreage with the fee simple title acreage. In other words, they treated the easement acreage as a taking in fee. No witness gave the jury a separate opinion as to just compensation for the temporary construction easements.

Affirmed.