## ARKANSAS STATE HIGHWAY COMMISSION *v.*
### G. L. MORRIS and CORNELIA MORRIS

5-4596                                    429 S. W. 2d 114

Opinion delivered June 3, 1968
[Rehearing denied July 15, 1968.]

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*Eldridge & Haralson,* for appellees.

PAUL WARD, Justice. This is an eminent domain proceeding, and only one point—a point of law—is involved on appeal. The pertinent background facts and procedure can be briefly stated.

*Facts.* The Arkansas State Highway Commission (appellant herein) filed a complaint in circuit court to acquire 37.49 acres out of a large tract of land, belonging to G. L. Morris and his wife (appellees), for construction purposes on U. S. Highway 64 in Woodruff County. Appellant having deposited in court $14,500, as estimated compensation, the trial court granted immediate possession to appellant. Appellees refused to accept the above amount, and a jury trial followed. At the trial appellees' witnesses fixed the value at different amounts —averaging around $85,000, and appellant's witnesses fixed the value at approximately the same amount as was deposited in court. The jury gave appellees a judg-

ment in the amount of $40,000, and from that judgment appellant prosecutes this appeal.

The only point urged by appellant for a reversal is that the trial court erred in giving appellees' requested Instruction No. 2, which reads:

"You are instructed that under the law defendants are entitled to recover the fair market value of the lands actually taken; also, an amount which will fairly compensate them for the damages, if any, to the remaining lands not taken for highway purposes, considering the facility as being completed and in place. "You will, therefore, ascertain the difference between the fair market value of the entire tract of the defendants before the taking for highway purposes and the fair market value of the lands remaining in the tract after such taking, and that difference is the amount the defendants are entitled to recover, and your verdict should be for the defendants in such amount.

"In other words, ladies and gentlemen, what I am saying is the way you arrive at just compensation is to determine the difference in fair market value of the property before the taking and immediately after the taking, and in arriving at that difference you may take into consideration other elements."

The essence of appellant's contention is that the first paragraph is in conflict with the second paragraph, and that this constitutes reversible error. In support of the contention appellant relies on *Young* v. *Ark. State Hwy. Comm.*, 242 Ark. 812, 415 S. W. 2d 575, and *Myers* v. *Ark. State Hwy. Comm.*, 238 Ark. 734, 384 S. W. 2d 258. The *Young* case recognized two alternative formulas for measuring compensation for a partial taking— "(ii) *Value of the part taken plus damages to the remainder rule; and,* (iii) *The before and after value rule.*" Following the above quotations we also said:

"Therefore, it would be inappropriate to instruct the jury as to both formulas . . ." In the *Myers* case, *supra,* the trial court gave an incorrect instruction on the measure of damages and then gave a correct instruction. On appeal we said that the correct instruction did not cure the error in giving the erroneous instruction.

For reasons presently stated, we conclude that the above decisions do not justify a reversal of the case here under consideration.

*First,* in this case, the trial court did not give *two* separate instructions on the measure of damages—it gave only one instruction. *Two,* the third paragraph of the instruction explained and harmonized the first two paragraphs. *Three,* the first paragraph of the instruction is a correct statement of the measure of damages and therefore does not conflict with the second paragraph. In the *Young* case there appears this statement: "This does not mean that evidence of the value of the lands taken plus damages to the remainder is not admissible. In fact, it is appropriately considered by appraisers as two of the many guides for determining 'before and after values' ". In the *Myers* case, *supra,* we made this statement:

> "In arguing the case to the jury, counsel for the appellee would have had every right to read to the jury Instruction No. 1 and emphasize that under this instruction the landowner could only recover the value of the land actually taken . . . Such an argument would be confusing to the jury, because the real issue was the difference in the value before and after the taking."

In the case here under consideration we do not have two conflicting instructions by which the jury could be confused.

Affirmed.

SMITH, BROWN and JONES, JJ., concur.

LYLE BROWN, Justice, concurring. I believe the re-cited instruction should not have been given. In *Young* v. *Arkansas State Highway Comm'n.*, 242 Ark. 812, 415 S. W. 2d 575 (1967) we made it clear that the "value plus damages" formula and the "before and after" rule are alternative formulas for determining just com-pensation. Being alternatives, both rules should not be given. However, the objection made by appellant did not remotely call that defect to the attention of the court. The single point raised was that the giving of the instruction "would allow the defense attorney to argue the first paragraph in such a way that the jury might think they were supposed to give the landowner dam-ages for the land taken and also damages for the re-maining land not taken for highway purposes, and this is not the correct measure of damages in a suit of this kind." No general objection was made.

The statement that the "value plus damages" rule is not the law is hardly correct. As pointed out in *Young*, it has been used many times in eminent domain cases. Our court has not condemned it.

JONES, J., joins in this concurrence.