Merrimack,
No. 5786.

ROBERT HOLMES *& a. v.* STATE.

Argued February 4, 1969.
Decided March 20, 1969.

*Broderick, Craig & Costakis* and *Elmer T. Bourque* (*Mr. Bourque* orally), for the plaintiffs.

*George S. Pappagianis*, Attorney General and *Robert W. Moran*, Assistant Attorney General (*Mr. Moran* orally), for the defendant.

KENISON, C. J. The question presented in this case is whether the valuation placed on real estate in the probate inventory of the estate of the deceased is admissible as evidence of value against the heirs when a portion of the real estate is taken by the State by eminent domain for highway purposes. The plaintiffs, who are the only heirs and one of whom was administrator of his father's estate, excepted to the introduction of this evidence before the jury and their exception was reserved and transferred by *Bownes, J.*

At the trial below and on appeal here the State relied on dicta in the early case of *Seavey* v. *Seavey*, 37 N. H. 125, 132 (1858). That case did not involve value or valuation and the authority of that case was considerably weakened in *Concord Land Company* v. *Clough*, 69 N. H. 609, 610: "In *Seavey* v. *Seavey*, 37 N. H. 125, the inventory of a deceased person's estate was held to be competent evidence against third persons of the amount of property owned by the deceased, and the language of the opinion as to the admission of records in evidence was broad enough to make the record in the present case admissible . . . . In *Derry* v. *County*, 62 N. H. 485, 488, its soundness was questioned." Again in *Petition of Carlton*, 79 N. H. 48, 50 the court stated: "In *Seavey* v. *Seavey*, 37 N. H. 125, this appraisal was held admissible in controversies between strangers to the appraisal. The conclusion that such appraisal is admissible at all has since been criticized, if not expressly overruled. *Derry* v. *County*, 62 N. H. 485, 487, 488; *Concord Land and Water Power Co.* v. *Clough*, 69 N. H. 609, 610." See also, *Young* v. *Dunton*, 106 N. H. 249, 251; 1 Treat, Probate Law, *s.* 243, *p.* 235 (1968).

In the absence of statute permitting it (RSA 371:15 IV), the assessed valuation of property for tax purposes is not admissible as evidence of value in a condemnation proceeding or other action where value is a central issue. *Beers* v. *Davidson*, 81 N. H. 326; *State* v. *Giles*, 81 N. H. 328, 329. The appraisal in a probate inventory is seldom a more reliable index of value than a tax assessment and the introduction of such evidence is

erroneous and prejudicial unless it can be demonstrated that the error is harmless. *Ibey* v. *Ibey,* 94 N. H. 425; *Beers* v. *Davidson, supra,* 327; see Annot. 39 A. L. R. 2d 209.

In the present case the inventory value of $300 was placed on the deceased's property by the attorney who was handling a tort action for the deceased and it was necessary for one of the plaintiffs to be appointed administrator. The estate was a small one; there was no "tax problem" inasmuch as the plaintiffs were the only sons and heirs and there were no taxes, State or Federal. There was no question as to the amount of property the plaintiffs owned. The appraiser had not seen the property, was not familiar with market values in the town in which the property was located and did not discuss the appraisal with the plaintiffs. He testified that if value was an important matter he would have engaged a real estate expert. There was no occasion for the plaintiffs to sell the property to pay debts. Clearly in these circumstances the probate inventory and appraisal was no reliable index of the value of the property. See *Fellows* v. *Normandin,* 96 N. H. 260, 264; 1 Treat, Probate Law, *s.* 244, *p.* 236 (1968); RSA 554:2, 3.

The plaintiffs had been tendered $4,500 for the portion of the property taken by the State and the jury returned a verdict in the amount of $7,500. We cannot say with any degree of certainty that the introduction of the value of the whole of the property as being worth only $300 played no part in the jury verdict. "As this incompetent evidence was introduced upon a material point in the case, it vitiates the verdict, and it must be set aside." *Beers* v. *Davidson,* 81 N. H. 326, 327.

*Plaintiffs' exceptions sustained; new trial.*

LAMPRON, J., did not sit; the others concurred.