506 P.2d 261

Marvin JACKSON and Marie Jackson,
husband and Wife, Appellants,

v.

Lee R. PRESSNELL and Nancy Pressnell,
husband and wife, Appellees.

No. I CA–CIV 1749.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 20, 1973.

Rufus C. Dawes and George W. Oglesby, Phoenix, for appellants.

Hill & Savoy by Cheryl K. Hendrix, Phoenix, for appellees.

DONOFRIO, Presiding Judge.

This is an appeal from that part of a judgment in a private condemnation suit which fixed the damages for the property taken in the sum of One Thousand ($1000) Dollars.

We are called upon to determine whether the trial court erred in refusing to admit into evidence the valuation placed upon the property by the County Tax Assessor for tax purposes.

The parties are owners of adjoining lots, each having 165 foot frontage on what would be 20th Street north of Paradise Lane, Phoenix, Arizona. Appellants (Jackson) brought this action against appellees (Pressnell) to condemn an area measuring 30 feet by 125 feet of appellants Jacksons' lot, which would be part of the yet unopened portion of 20th Street, as a private way of necessity or easement for egress and ingress, as well as for public utility easements. The trial court rendered judgment granting an easement to Jackson over the strip of property, and fixed the damages to be paid by him for the property taken in the sum of $1000. This appeal is from the amount of damages.

Jackson urges prejudicial error in the court's failure to permit him to introduce

into evidence the records of the Maricopa County Assessor's office which contained the appraised value for tax purposes of the Pressnell lot. The trial court excluded this evidence, but permitted the office supervisor for the County Assessor, who was not the deputy or the person who made the appraisal, to testify by way of offer of proof only, that the land in the area was appraised for tax purposes at a current cash value of $2000 per acre. Computed on this basis, the 3,750 sq. ft. which comprises the area of the easement would be valued at $188.00.

■ Appellants argue that the assessor's appraisal record is admissible under Rule 44(a) Rules of Civil Procedure, 16 A.R.S. This rule provides that the records required to be made and kept by a public officer shall be received in evidence as prima facie evidence of the facts therein stated. We are not cited to, nor are we able to find, any case wherein our Supreme Court has ruled that assessors' appraisals (tax assessments) are admissible for purposes other than taxation. We are safe in saying that even though the assessors' records may be prima facie evidence of the facts therein stated, they are not admissible in all cases regardless of their relevancy, competency or materiality.

A similar issue involving use of tax assessments in condemnation cases was treated in Bankers Trust Co. v. International Trust Co., 108 Colo. 15, 113 P.2d 656 (1941). In that case the court held that the Colorado statute did not make tax schedules admissible for the purpose of fixing value in a condemnation case. See also Love v. Common School District No. 28, 192 Kan. 780, 391 P.2d 152 (1964). For the principle that valuation placed upon property by assessors for the purposes of taxation is not evidence of value for other purposes, see: Orgel on Valuation Under Eminent Domain (2d Edition 1953) § 151, p. 633; Nichols on Eminent Domain (3rd Edition 1969) § 22.1, p. 22–1; Udall, Ariz.Law of Evidence, § 120, pp. 255–256.

In the instant case the two persons in the assessor's office who actually made the appraisal were not called to testify. It could well be that they were qualified to give the fair market value of the property involved. We do not, however, pass upon their qualifications or competency.

Historically our Supreme Court has had too many cases showing disparity in property valuations by assessors for the courts to hold that their appraisals are admissible per se as to fair market value. See e. g., McCluskey v. Sparks, 80 Ariz. 15, 291 P.2d 791 (1955); Sparks v. McCluskey, 84 Ariz. 283, 327 P.2d 295 (1958); Southern Pacific Company v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963); Bade v. Drachman, 4 Ariz.App. 55, 417 P.2d 689 (1966). For a fair review of the historical background of property assessing, see our recent case of Burns v. Herberger, 17 Ariz. App. 462, 498 P.2d 536 (1972).

■ We hold that the mere production of an appraisal on the books of the County Assessor's office, by itself, is not admissible evidence in the face of an objection as to its relevancy and competency on the issue of fair market value in a condemnation hearing. cf. American State Bank v. Butts, 111 Wash. 612, 191 P. 754 (1920).

■ On this issue of damages, we have read the record and find evidence to support the judgment. Pressnell, as owner, testified that the value of the property was $1000 and that there were three corrals and some 20 fence posts (telephone size, 3-foot lengths) on the premises. On cross-examination Pressnell testified that although he paid $15,500 for the entire property which contained an old three-bedroom block house, it was not worth $26,000, and that acreage in the area was selling for as high as $4500 per acre. He testified that his property could be divided into three lots and that his home was so situated that he could build two other houses on it, which he had intended to do. There was very little evidence introduced by the other side except what might be inferred from the offer of proof regarding

 

the assessor's valuation. The minutes show that the court placed great value on the improvements. The evidence was to the effect that it would cost $600 to move the corrals and posts.

We find no prejudicial error.

Affirmed.

STEVENS and JACOBSON, JJ., concur.