FRANK B. LIENEMANN, TRUSTEE, APPELLANT, V. CITY OF
OMAHA, A MUNICIPAL CORPORATION, APPELLEE.
215 N. W. 2d 893

Filed March 7, 1974. No. 39201.

Dixon G. Adams, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and CHADDERDON, District Judge.

McCOWN, J.

This is a condemnation action in which the City of Omaha sought to acquire an easement across plaintiff's

property for the purpose of constructing and maintaining an out-fall sewer line to a sewage treatment plant. Plaintiff's tract of land contains about 560 acres. The easement cuts across the tract diagonally. The 50-foot wide permanent easement contained 6.62 acres, and the 200 foot temporary construction easement extended over an additional 19.87 acres. The original appraiser's award in the county court was $40,640. On appeal to the District Court, the jury assessed the amount of plaintiff's recovery at $33,468.20. Judgment was entered on the verdict and the plaintiff appeals.

The sole issue on appeal is whether or not it was error to permit a witness, over objection, to state what the assessed valuation of the land was. In argument to the trial court on the pending objection of plaintiff's counsel, counsel for the City contended that the evidence was admissible because the assessed value "is supposed to be the actual value." The District Court overruled plaintiff's objections and the witness testified that plaintiff's property was assessed for tax purposes at $74,890. Six expert witnesses testified as to the actual value of the property. The lowest valuation testified to by any witness was $405,750, and the highest valuation was $668,400.

The issue is one of first impression in Nebraska. On a somewhat analogous issue, this court has held that evidence of the appraised value of state school lands, required by statute in fixing rentals, was not admissible in a condemnation action where the issue was to determine the present actual market value of the land. See State v. Platte Valley P. P. & Irr. Dist., 147 Neb. 289, 23 N. W. 2d 300. The basis for the holding was that the appraised value of school lands for rental purposes was ordinarily much less than their actual value. The same basis supports the majority rule as to assessed valuation for tax purposes. See, Annotation, 39 A. L. R. 2d 209, and cases there cited; 5 Nichols on Eminent Domain, § 22.1.

The weight of authority clearly supports the view that the assessed value of property for tax purposes, in and of itself, is generally not admissible as direct evidence of value for purposes other than taxation. We adopt that rule for this state. See, Jackson v. Pressnell, 19 Ariz. App. 221, 506 P. 2d 261; Hetherington Letter Co. v. City of Cedar Rapids, 207 N. W. 2d 800 (Iowa, 1973).

Even within the ambit of a broad treatment of relevancy, there was no preliminary or foundation evidence which might have justified the introduction of the evidence here even for limited purposes. The comments of counsel established the intent to have the evidence accepted by the jury as evidence of actual value. The admission of the testimony as to the assessed valuation of the property was erroneous.

The City of Omaha, the appellee here, neither filed a brief nor argued the case on appeal. In various circumstances we have held that error in the admission of evidence is presumed to be prejudicial where the evidence admitted may have influenced the verdict or affected unfavorably the party against whom it was admitted. See, First Baptist Church of Maxwell v. State, 178 Neb. 831, 135 N. W. 2d 756; Witte v. Lisle, 184 Neb. 742, 171 N. W. 2d 781. Where error is established in the admission of evidence of value in a condemnation case, and there is no contention in brief or argument that the error was not prejudicial, the error will be presumed to be prejudicial unless it clearly appears from the record that it did not affect unfavorably the party against whom it was admitted. See First Baptist Church of Maxwell v. State, *supra*. The record here supports the presumption of prejudice.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.