ARKANSAS POWER & LIGHT COMPANY
*v.* Jennie D. JENNINGS

75-141                                          529. S.W. 2d 866

Opinion delivered December 1, 1975

*House, Holmes & Jewell,* for appellant.

*James M. McHaney, John C. Calhoun Jr.* and *Owens, McHaney & McHaney,* for appellee.

JOHN A. FOGLEMAN, Justice. Arkansas Power & Light Company took an 8.4791-acre strip of land for right-of-way through a 315-acre tract owned by Mrs. Jennie D. Jennings. The jury awarded the landowner $22,350 as just compensation. We find no reversible error on any of the four points relied upon by appellant. We will discuss them in the order they are presented by appellant.

### THE TRIAL COURT ERRED IN PERMITTING APPELLEE TO INTRODUCE PROOF AS TO SPECIAL DAMAGES SUFFERED BY THE JENNINGS PROPERTY OUTSIDE THE RIGHT-OF-WAY WHEN THEY WERE NOT SPECIFICALLY PLED.

William B. Putnam testified for the landowner as an expert witness. One item of testimony which appellant found objectionable was to the effect that Putnam, upon measuring the right-of-way, found it to be 191 feet wide at one point, but meandering back into the 180-foot width described in the complaint. Appellant's attorney objected upon the ground that appellee had not pleaded the taking of a wider right-of-way and that he did not know that this question was in issue. This objection was overruled and no other objection was made to this testimony. A second item to which appellant objected was testimony of K. E. Sorrels about the effect of the use of the right-of-way on the waters of Fletcher Creek which

flowed through the Jennings tract. Appellant's attorney again objected that this type of damage had not been specifically pleaded. When this objection was overruled, no further objection was made.

In neither instance did appellant plead surprise or move for a continuance to enable it to prepare to controvert the evidence after the objections made were overruled. Appellant's principal reliance is placed upon *Arkansas Louisiana Gas Co. v. Verser*, 251 Ark. 764, 475 S.W. 2d 148. But there the condemnor not only objected, it moved for a mistrial and in the alternative for a continuance in order to prepare appropriate defenses. Even if we should say that these items were matters of special damage, the important consideration here is whether the appellant was taken by surprise and made a specific objection on that account. *Foster v. Arkansas State Highway Commission*, 258 Ark. 176, 527 S.W. 2d 601 (1975). In holding that there is no prejudicial error in admitting similar evidence in *Arkansas Louisiana Gas Co. v. McGaughey Bros.*, 250 Ark. 1083, 468 S.W. 2d 754, we said:

> (omitting citations)
> *** When the trial court permits the introduction of evidence in the face of an objection that the point at issue was not raised by the pleadings, the effect of the ruling is to treat the pleadings as amended to conform to the proof. *** So the trial court's ruling here was equivalent to treating the issue as if it had been asserted by a pleading amended at that stage of the proceeding. The purpose of requiring special damages to be pleaded is to prevent surprise. *** If appellant had pleaded surprise, when its objection was overruled, it might have been entitled to a continuance, if an issue of special damages not pleaded had arisen, in order to prepare to meet it. *** But where no surprise is pleaded and no time requested to prepare to meet the issue, there is no error. ***

This language is peculiarly applicable here. In addition, Putnam did not attribute any particular amount of damage to any of these elements. He stated that the value of the Jen-

nings tract before the taking was $597,208 and after the taking $540,343, leaving a difference of $56,865. He assigned a value of $16,101 to the right-of-way taken by applying a value of $1,900 per acre to the acreage the power company claimed to have been taken, not some larger area. He considered the remaining lands to be diminished $40,754 in value due to the taking. He was never afforded an opportunity to specify the amount of damage he attributed to these elements appellant considers impermissible.[1] See *Arkansas State Highway Commission v. Woody*, 248 Ark. 657, 453 S.W. 2d 45.

THE TRIAL COURT ERRED IN PERMITTING APPELLEE'S VALUE WITNESS TO COMPARE LOT SALES TO THE LANDOWNER'S 315 ACRE TRACT FOR THE PURPOSE OF ESTABLISHING VALUE.

The witness Putnam testified that the highest and best use of the Jennings property was as suburban subdivision development and stated that he had studied the "so-called" comparative sales in the vicinity of the Jennings property in using the market data approach to property evaluation. He felt there were sufficient sales in the vicinity to give a reasonable degree of comparison to the Jennings property. One of nine that he specifically mentioned was the sale of 90 acres by Douglas to Colbert. The testimony giving rise to this objection arose in this manner:

Q. I believe you have testified that this last piece of property that Mr. Robinson referred to here and here were being used now as suburban type dubdivision?

A. That is correct, two tracts have sold for Twenty Five Hundred Dollars an acre.

When objection was made because of the non-comparability of "two acres" to the 315-acre Jennings tract, Putnam testified on further examination that the Jennings

---

[1]We do not pass on the question whether either or both of these elements were special damages. See, however, *Arkansas State Highway Commission v. Dixon*, 247 Ark. 130, 444 S.W. 2d 571; *Arkansas Louisiana Gas Co. v. McGaughey*, supra; *Foster v. Arkansas State Highway Commission*, supra.

property was in a higher state of development than the property involved in the Douglas-Colbert transaction, that there were no sewer or water lines serving the Colbert property and no development there which was not in existence on the Jennings property on the date of taking. Putnam expressed the opinion that on the date of the taking, the Jennings property had a value of $1,900 per acre.

Appellant argues that by overruling its objection, the court permitted the witness to compare lot sales to the entire Jennings tract in arriving at his opinion as to value. This testimony was not given as a basis of Putnam's opinion as to value. It was brought out only in support of his testimony as to the highest and best use of the Jennings property — a matter which was in issue. The sale that he considered as a part of his market data was the sale of the entire 90-acre tract rather than the two five-acre lots. The 90-acre tract itself was only one of nine sales Putnam found to be sufficiently similar to the Jennings tract to warrant his consideration. These two transactions were not offered as independent evidence of the value of the Jennings property (which included some rugged terrain as well as a creek bed) or its value if sold in five-acre lots. Strangely enough, no objection was interposed when Putnam, in earlier testimony and in response to requests that he describe these sales that he considered to afford a basis for his opinion, had stated that five-acre tracts from the Colbert land had sold at $2,500 per acre and that lots of the same size had been sold at the same price by the purchaser in another sale he considered as a part of his market data. Furthermore, appellant did not, at any time, ask that the jury be admonished that this testimony could not be considered as evidence of value of the Jennings property or that any limiting instruction be given. This point affords no basis for a finding of prejudicial error. See *Arkansas State Highway Commission* v. *Sargent*, 241 Ark. 783, 410 S.W. 2d 381; *Arkansas Louisiana Gas Co.* v. *Verser*, 251 Ark. 764, 475 S.W. 2d 148; *Arkansas State Highway Commission* v. *Person*, 258 Ark. 379, 525 S.W. 2d 77 (1975).

### THE TRIAL COURT ERRED IN REFUSING TO ADMIT INTO EVIDENCE ALL THE FACTS SURROUNDING THE APPRAISAL MADE OF

THE SUBJECT PROPERTY AT THE REQUEST OF THE EXECUTOR OF THE ZACK O. JENNINGS ESTATE.

The trial court refused to admit into evidence the Federal Estate Tax return of Zack O. Jennings, the late husband of appellee. Mr. Jennings died in 1972, and an estate tax was paid by his estate. Worthen Bank was the executor of his will. Louis East, who was called as a witness by appellant, made an appraisal as of July 31, 1972 for estate tax purposes. Appellant argues that, in addition to permitting the witness to state the values he assigned to the propeety when he made the appraisal, the court should have admitted the estate tax return and permitted East to state for whom he made the appraisal and for what purpose.

Cases cited by appellant holding that a valuation of property made by the owner for the purpose of taxation are inapposite, as are cases in which the evidence has been made admissible by statute. There is no evidence that Mrs. Jennings had anything to do with the valuation of the land or the selection of the appraiser, who was a former employee of the Worthen Bank.

The assessment or valuation of land for tax purposes by someone other than the owner is not admissible in evidence in Arkansas, in the absence of a statute. It was not error to exclude the return for estate taxes, because the determination of value by someone other than the owner for different purposes is not a fair criterion of its market value. *Texas & St. Louis Railway Co.* v. *Eddy*, 42 Ark. 527; *Springfield & Memphis Railway Co.* v. *Rhea*, 44 Ark. 258; *St. Louis, I. M. & S. Ry. Co.* v. *Magness*, 93 Ark. 46, 123 S.W. 786. These particular holdings relate to assessments for general taxation, and the rule on which they are based is well nigh universal as to valuations made by others than the owner, particularly in eminent domain cases. 5 Nichols on Eminent Domain 22-1, §22.1, and cases cited; Annot. 39 ALR 2d 209, 214 (1955); 1 Orgel on Valuation under Eminent Domain 633, § 151. See e.g., *Mettee* v. *Urban Renewal Agency* 213 Kan. 787, 518 P. 2d 555 (1974); *Murdock* v. *United States*, 160 F. 2d 358 (8 Cir., 1947); *Johnson and Wimsatt* v. *Reichelderfer*, 60 U.S. App. D.C.

186, 50 F. 2d 336 (Ct. Ap., D.C., 1931); *Lienneman v. City of Omaha*, 191 Neb. 442, 215 N.W. 2d 893 (1974); *Connecticut Printers, Inc. v. Redevelopment Agency*, 159 Conn. 407, 270 A. 2d 549 (1970); *State v. Griffith*, 292 Ala. 123, 290 S. 2d 162 (1974).

The rationale is frequently founded upon the basis that the valuation is res inter alios acta. 5 Nichols on Eminent Domain, 22-6, § 22.1; 1 Orgel on Valuation under Eminent Domain 634, §151 (1953); *Mettee v. Urban Renewal Agency*, supra; Annot. 39 ALR 2d 209, 228 (1955); *Kansas City & G.R. Co. v. Haake*, 331 Mo. 429, 53 S.W. 2d 891, 84 ALR 1477 (1932); *Suffolk & Carolina Railway Co. v. Westend Land & Improvement Co.*, 137 N.C. 330, 49 S.E. 350, 68 LRA 333, 107 Am. St. Rep. 490 (1904). It is sometimes based upon unreliability because of non-participation by the owner; Annot. 39 ALR 2d 209, 225; See also, on unreliability, 1 Orgel on Valuation under Eminent Domain 629, §150; *State v. 45,621 Sq. Ft.*, 475 P. 2d 553 (Alaska, 1970); sometimes as hearsay, Annot 39 ALR 2d 209, 226.

Of course, the same rationale would require the application of the rule of exclusion to estate tax returns and probate valuations in eminent domain proceedings. Wherever the question has arisen it has been applied, sometimes in total reliance upon cases holding tax assessments inadmissible. See, *Holmes v. State*, 109 N.H. 319, 251 A. 2d 320 (1969); *City of LaMesa v. Tweed & Gambrell Planing Mill*, 146 C.A. 2d 762, 304 P. 2d 803 (1956); *Jones v. Iowa State Highway Commission*, 259 Ia. 616, 144 N.W. 2d 277 (1966); *United States v. 243.22 Acres*, 48 F.S. 177 ED, NY, (1942). We are not concerned with the situation that might prevail if questions had been asked value witnesses on cross-examination. The circuit judge certainly was not too restrictive in his ruling in this case.

## THE TRIAL COURT ERRED IN GIVING DEFENDANT'S REQUESTED INSTRUCTION NO. 10.

This actually was a request by appellant for the submission of forms of verdict to the jury. The court instructed the jury to determine the amount of compensation to be paid for

the lands taken and then to fix separately the amount of damages, if any, to appellee's remaining lands. The objection made to the court's submission of the issue was that this method was misleading and focused attention on damages to the remainder. No objection was offered by appellant to an instruction stating that the first question for the jury's decision was the amount of just compensation due for the strip of land taken and the second was whether there was any resulting diminution in value of the remaining lands, and if so, the amount of money that would compensate the landowner for that damage.

Appellant now makes the additional argument that the instruction permitted the jury to compensate Mrs. Jennings twice for the same land, and relies upon *Arkansas Power & Light Co.* v. *Mayo*, 244 Ark. 435, 425 S.W. 2d 531. Frankly, we do not see how the jury could possibly have been misled. We find the case relied upon by appellant totally different from this one. There the court found (4-3) that a combination of two separate instructions could have been confusing to the jury. One of them was taken to mean that the condemnor was liable for the full value of the tract taken and the other told the jury that it should determine the fair market value of the property before the taking and then the fair market value after the taking and award the landowner the difference. Whatever inconsistencies existed there are absent here.

We do not see how this instruction unduly focused attention on damages to the remaining lands. The jury was told by the instruction that it should "decide whether there are damages to the remainder" and, *if* it found that there were, to find the amount. The jury was further told that, if it found no damages to the remainder, it should write the word "None" in the blank provided for stating the amount of damages. We have previously held that similar instructions were not erroneous, where, as here, benefits are not to be offset against damages. *Arkansas Louisiana Gas Co.* v. *Howell*, 244 Ark. 86, 423 S.W. 2d 867. See *St. Louis, I.M. & S. Ry. Co.* v. *Theodore Maxfield Co.*, 94 Ark. 135, 126 S.W. 83; 26 LRA (n.s.) 1111; *Pine Bluff & W. Ry. Co.* v. *Kelly*, 78 Ark. 83, 93 S.W. 562. See also *Young* v. *Arkansas State Highway Commission*, 242 Ark. 812,

415 S.W. 2d 575; *Arkansas State Highway Commission* v. *Morris*, 244 Ark. 1152, 429 S.W. 2d 114.

The judgment is affirmed.